UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN F. MARCHISOTTO,

        Plaintiff,

v.

MUDDUSER MALIK, RONALD MICUCCI,
MCPO DETECTIVE KELLY, ALBERTO
RIVAS, STUART J. RABNER, GUY P.
RYAN, LOUIS P. LEPORE, DEBRA E.
CANOVA, ERIC M. DEPROSSIMO,
KEVIN B. HARRIS, WENDEL E.
DANIELS, HILLARY BRYCE, GURBIR
S. GREWAL, GLENN A. GRANT, THE
ADVISORY COMMITTEE ON JUDICAL
CONDUCT, NEW JERSEY COURTS, NEW
JERSEY OFFICE ATTORNEY GENERAL,
OCEAN COUNTY PROSECUTOR'S
OFFICE, NEW JERSEY STATE POLICE,
MIDDLESEX SHERIFF'S OFFICE, THE
OFFICE OF ATTORNEY ETHICS N.J.,
MERYL G. NADLER, STEVEN
BONVILLE, HEATHER JOY BAKER, V.
NICOLE LANGFITT, I.A.D.
MIDDLESEX COUNTY SHERIFF'S
OFFICE, I.A.D. NEW JERSEY STATE
POLICE, MIDDLESEX COUNTY NEW
JERSEY, OCEAN COUNTY NEW JERSEY,
ANDREW C. MUNGER, THE STATE OF
NEW JERSEY, AND MIDDLESEX COUNTY
PROSECUTOR'S OFFICE, CHRISTOPHER
L.C. KUBERIET, JOSEPH L. YANNOTTI, THE LAW
OFFICES OF LOUIS LEPORE, P.C. DOS ID #:
4268814, LOUIS LEPORE, ESQ. PLLC DOS ID #:
3278376, LPL 885 LLC DOS ID #: 4209505

        Defendants.

Case No.: **3:20-cv-20426-BRM-LHG**

*Civil Action*

Hon. Brian Martinotti, U.S.D.J.
Hon. Lois H. Goodman, U.S.M.J.

---

**NOTICE OF MOTION**

**FOR DISQUALIFICATION OF HON. BRIAN R. MARINOTTI, U.S.D.J., PURSUANT TO 28 U.S. CODE § 455 (a) AND PURSUANT TO 28 U.S. CODE § 455 (b)(1),**

**Please take Notice:** comes now the Plaintiff John F. Marchisotto for his

Notice of Motion for Disqualification of Hon. Brian R. Marinotti, U.S.D.J., before the Honorable Brian R. Martinotti U.S.D.J., on <u>April 15, 2021</u>, states the reasons for this motion are set forth below:

**Pursuant To  28 U.S. Code § 455 (a)** - Disqualification of justice, judge, or magistrate judge Any justice, judge, or magistrate <u>judge of the United States</u> shall disqualify himself in any <u>proceeding</u> in which his <u>impartiality might reasonably be questioned.</u>

**Pursuant To  28 U.S. Code § 455  (b)(1)** - Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the <u>proceeding</u>;

Plaintiff believes it is "harmful error" for Judge Brian R. Martinotti to not recuse himself from this matter, and this is another docket waiting for appeal; <u>Liljeberg, 486 U.S.</u> at 862, 108 S.Ct. at 2203-04.

Judge Brian Martinotti, U.S.D.J.,  <u>please accept</u> the attached letter brief in lieu of a more formal brief to my motion here before the court.

 Plaintiff is respectfully asking you to consider recusing yourself from this matter,  and allow Plaintiff another judge who may not be directly related to, or may even be called as a  witness to the issues of this docket.

`Case No.: 3:20-cv-20426-BRM-LHG`                                                                                                         1

Plaintiff also has a pending 3rd Circuit Appeal against you for the last two Federal Dockets that came before you and the Statement of Issues on appeal as follows:.

**STATEMENT OF THE ISSUES UNDER APPEAL U.S.C.A. 3rd Cir. 20-1870**

1. Whether the District Court "harmful error" violate The Fifth Amendment that says to the **federal** government that no one shall be "deprived of life, liberty or property without **due process** of law."

2. Whether the District Court "harmful error" violate The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the **Due Process** Clause, to describe a legal obligation of all states. The District Judge, and District Magistrate Judge both have clearly violated the Fifth Amendment, and Fourteenth Amendment, and had denied and deprived Appellant his right to due process of law.

3. Whether the District Court "harmful error" that worked over 14 years with the same judicial Defendants as a New Jersey State Judge in Vicinage 2, Superior Court in New Jersey, serving in the civil division. Defendant Chief Justice Stuart J. Rabner, was Judge Brian Martinotti U.S.D.J. former boss, from January 2002, through July 2016. **A reasonable person would clearly question the District Judge impartially.** The Third Circuit Court of Appeals, must specifically consider whether District Court Judge Brian Martinotti, violation of section 455(a), is "harmful error" and should have

recused himself from Appellant matter; *Liljeberg*, 486 U.S. at 862, 108 S.Ct. at 2203-04.

4. Whether the District Court "harmful error" has violated 42 U.S. Code § 1985, conspiracy to interfere with civil rights (2) obstructing justice; intimidating party, witness or juror. The U.S. Supreme Court, in <u>Scheuer v. Rhodes,</u> 416 U.S. 232, 94 s. Ct. 1683, 1687 (1974).

5. Whether the District Court "harmful error" has violated First Amendment Retaliation against Appellant for qualifying the service and process of his U.S. District Court Summons and Complaint pursuant to N.J.S.A. 4:4-3, which states personal service is required. Fed. R. Civ. P. 4(e)(1) also states an individual may be service in a judicial district in the state where the district court is located.

6. Whether the District Court "harmful error" has violated Fourth Amendment Retaliation against Appellant rights are designed to protect you, your home, and your effects from **<u>unreasonable search and seizures</u>**. Appellant home was subject to an Illegal and Retaliatory search and seizure.

7. Whether the District Court "harmful error" Retaliation against Appellant rights has violated **<u>First Amendment</u>** and **<u>The Bill of Rights</u>** – which became the first ten amendments to the Constitution – remedied this fault in 1791, which guaranteed the American public some of its most important liberties.

8. Whether the District Court "harmful error" Retaliation against the Appellant

has violated **United States Code Title 42 Section §1983, §1985(2)(3), §1988(a)(b),** and **First, Second, Fourth, Fifth, Sixth, Eight,** and **Fourteenth** Amendments to the United States Constitution.

9. Whether the District Court "harmful error" <u>**New Jersey State Court Defendant Judicial Defendant's Abuse of power**</u> – <u>**The Supreme Court has held that if a judge wars against the constitution, or if he acts without jurisdiction he has engaged in treason to the constitution.**</u> Courts have repeatedly ruled judges have **no immunity for their criminal acts**. Both treason and the interference with interstate commerce are criminal acts, no judge has immunity to engage in such acts.

10. Whether the District Court "harmful error" Judicial Treason against an Individual "when a state officers acts under a state law in a manner violative of the Federal Constitution" , he comes into conflict with the superior authority of that Constitution, and he is in the case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.  The State has no power to impart to him any immunity from the responsibility to the supreme authority of the United States.  State officials may be sued as individual's in $1983 actions. <u>Brokaw v. Mercer County</u>, 235 F.3d 1000 (7th Cir. 2000).

11. Whether the U.S. Supreme Court Opinion in  <u>Wallace v. Kato</u>  defeats Appellants Fourteenth Amendment Claim.

12. Whether the District Court "harmful error" by it summary Dismissal of Appellant claim of conspiracy by defendants pursuant to 42 U.S.C.  § 1985.

13. Whether the District Court "harmful error" violate Section 242 of Title 18 which makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

## CONCLUSION

14. Plaintiff knows the filing of this motion is a waste of time, but wanted to make a record to this docket for its future appeal.

15. Chief Justice Stuart J. Rabner, was Judge Brian Martinotti U.S.D.J. former boss, from January 2002, through July 2016. **A reasonable person would clearly question which the District Judge could be impartial.** Plaintiff also has researched the U.S. docket and there has been cases where Justice Rabner was a defendant, and Judge Martinotti has dismissed those cases against him.

## CERTIFICATION

I have read the above Notice of Motion for Disqualification of Hon. Brian R. Marinotti, U.S.D.J., **Pursuant To 28 U.S. Code § 455 (a)** and **Pursuant To 28 U.S. Code § 455 (b)(1),** and certify it is correct to the best of my knowledge.

Respectfully submitted this 23th day of February, 2021.

Respectfully submitted,

John F. Marchisotto
Pro Se Plaintiff
15 Topaz Dr, Jackson, NJ 08527
(732) 526-7732

## CERTIFICATE OF SERVICE

I hereby certify that on this 23th day of February 2021 registered CM/ECF users will be served by the CM/ECF system and had been electronically mailed, the foregoing Notice of Motion for Disqualification of Hon. Brian R. Marinotti, U.S.D.J., **Pursuant To 28 U.S. Code § 455** (a) and **Pursuant To 28 U.S. Code § 455** (b)(1),

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____
John F. Marchisotto
Pro Se Plaintiff
15 Topaz Drive
Jackson, NJ 08527
Phone 732-536-7732