UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. MARCHISOTTO,<br><br>          Plaintiff,<br><br>v.<br><br>MUDDUSER MALIK, *et al.*,<br><br>          Defendants. | Case No. 3:20-cv-20426 (BRM) (LHG)<br><br>**ORDER** |

**THIS MATTER** comes before the Court on seventeen (17) motions, several letter applications, numerous filings. Specifically, since the amended complaint was filed on January 28, 2021 (ECF No. 11), the parties collectively have filed over 100 filings, excluding exhibits attached thereto.

In response to the growing docket, on March 1, 2021, the Court scheduled a telephone conference on the then-pending thirteen motions, including competing motions for temporary restraints, with the goal of bringing some order, procedure, and decorum to the litigation.

The notice of hearing triggered a handful more filings, prompting court to clarify that the telephone conference would be "a status conference, not a merits argument, for purposes of docket control" and that "[n]o further filings [were] required or [would] be considered." (ECF No. 84.)

Rather than bringing order to the docket pending the telephone status conference, the parties proceeded to file nearly 30 more documents and motions in less than a week.

Accordingly, the Court has reviewed the competing motions for temporary restraint orders (TRO) and the accompanying and supplemental filings (including but not limited to ECF Nos. 42, 44, 46, 68, 74, 103, 104, 107, 108), as well as Plaintiff John Marchisotto's ("Plaintiff") Motions

for Disqualification of the undersigned (ECF No. 59, 72, 105). For the reasons set forth below, all motions are denied.

Plaintiff alleges the Court and the undersigned committed harmful error in a case now on appeal before the Third Circuit (C.A. No. 20-1870). Based on Plaintiff's allegations there, he believes the undersigned may be called as a witness and therefore must recuse from this matter. The Court disagrees. Pursuant to 28 U.S.C. § 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b) (1). The "opinions formed by the judge on the basis of facts introduced or events occurring in the course of prior proceedings, [however] do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, the bias necessary to require recusal often must stem from a source outside of the official proceedings. *Id.* at 554. Consequently, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Here, the primary bases for Plaintiff's motion with respect to the Undersigned are unpersuasive, as Plaintiff has not shown the undersigned impartiality may reasonably be questioned or that he has a personal bias or prejudice against Plaintiff. The Court finds that Plaintiff's reasons for disqualification are insufficient to warrant recusal. For the same reasons, Plaintiff's motion for removal under 28 U.S.C. § 144 is denied.

As to the injunction motion, Plaintiff seeks an order enjoining Defendants Louis P. Lepore ("Lepore"), The Law Offices Of Louis Lepore P.C., Louis Lepore Esq., P.L.L.C., and LPL 885 LLC (the "Lepore Defendants") from contacting or threatening him or his family or anyone else

2

that his helping him. (ECF No. 42.) Plaintiff alleges the Lepore Defendants contacted publishers with cease-and-desist letters resulting in certain publishers declining to distribute his story. (*Id.*) For each violation of the TRO, Plaintiff demands damages in the amount of $50,000 from the Lepore Defendants and demands that Lepore be "immediately arrested by the police." (*Id.*)

Lepore seeks a TRO against Plaintiff enjoining him "from engaging in Libel per se against [Lepore] and portraying [him] in a false light," as well as publishing anything about Lepore, including publishing documents from legal proceedings. (ECF No. 74-24.) He further requests that Plaintiff remove statements posted to his blog and other various publications (*id.*), contending that statements such as "con-man perjurer crooked lawyer" are libel per se and place him in a false light (ECF No. 74-2).

Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27(3d Cir. 1994) (internal quotation marks omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain a temporary restraining order the moving party must show:

> [W]e follow our precedent that a movant for preliminary equitable relief must meet the threshold for the first two "most critical" factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

Having reviewed the competing record, the Court finds temporary restraining orders are not warranted at this time. The motions for preliminary injunctions remain pending.

Accordingly, for the reasons set forth above and for good cause appearing,

3

**IT IS** on this 9th day of March 2021,

**ORDERED** that Plaintiff's motions for disqualification and removal (ECF No. 59, 105) are **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a temporary restraining order (ECF No. 42) is **DENIED**; and it is further

**ORDERED** that Lepore's motion for a temporary restraining order (ECF No. 74) is **DENIED**; and it is further

**ORDERED** that no further filings, pleadings, or motions are permitted until further order of the Court; and it is further

**ORDERED** that all pleading, briefing, and motion deadlines are stayed until further order of the Court.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**