NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. MARCHISOTTO,<br><br>Plaintiff,<br><br>v.<br><br>MUDDUSER MALIK, *et al*.,<br><br>Defendants. | Civil Action No.<br>20-20426 (ZNQ) (LHG)<br><br>**OPINION** |

QURAISHI, U.S.D.J.

This matter comes before the Court upon Pro Se Plaintiff John F. Marchisotto's ("Plaintiff") Motion for Preliminary Injunction and for Temporary Restraining Order ("Emergent Motion"). (Emergent Motion, ECF No. 139.) Defendants have not responded. The Court has carefully considered Plaintiff's arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Emergent Motion is denied.

**I.     BACKGROUND**

Plaintiff filed his Complaint on December 29, 2020 against Defendants, alleging a series of Constitutional injuries.[1] Plaintiff filed his Emergent Motion on July 15, 2021 in response to a Richmond County Supreme Court Order ("Judge Colon's May 6, 2021 Order"). (Emergent Motion at 1.) In her Order Judge Lizette Colon amended a previous order in that same case, stating, "[t]he

---

[1] There are too many Defendants to list them all here. For purposes of this Motion, Plaintiff says he seeks relief only with respect to Louis P. Lepore, Esq., The Law Offices of Louis Lepore P.C., LPL 885 LLC, Debra E. Canova, Alberto Rivas, NJ Courts, Middlesex County Superior Court, and Superior Court Trust Fund Unit (collectively as, "Defendants"). (Emergent Motion at 1,5.)

Order of the Hon. Orlando Marrazzo, Jr. dated October 28, 2020 is hereby amended to[sic] that all funds paid and received by the court under Index No. 152396/2019 on hold with the Commissioner of Finance (Account #21001664) at the request of the **Richmond County Clerk**, is hereby ordered transferred to the Superior Court of New Jersey Middlesex County Chancery Division . . . ." (*Id.*) (emphasis in original). Plaintiff has not provided the docket number of the case in which he alleges this Order was issued or a copy of Judge Colon's May 6, 2021 Order. In his Emergent Motion, Plaintiff requests a temporary restraining order from this Court: (1) barring Defendants Louis Lepore, Esq. and Judge Alberto Rivas from contacting one another; (2) enjoining Judge Alberto Rivas "from issuing any orders pertaining to these $615,562,90[sic] monies being paid out from the Superior Court Trust Fund Unit to Defendant Lepore, or Defendant Canova"; (3) compelling the Superior Court Trust Fund Unit to return the $615,562.90 back to New York Trust Asset Unit; (4) providing "any other order deem just and appropriate by the court to protect these large amounts of monies"; and, (5) issuing "Preliminary Injunctive Relief Stopping The Release Of $615,562,90[sic], Monies To Any Party Until Plaintiff's Appeals Are Adjudicated In Both New Jersey, And New York Courts." (Emergent Motion at 5.)

## DISCUSSION

### A. *Rooker-Feldman* Doctrine

Given the relief sought by Plaintiff, the Court construes the instant Motion as an appeal of Judge Colon's May 6, 2021 Order. As set forth below, Plaintiff's request is barred by the *Rooker-Feldman* doctrine, which divests federal courts of jurisdiction where a federal action "would be the equivalent of an appellate review of state court order." *FOCUS v. Allegheny Cnty Ct. Com. Pl.*, 75 F.3d 834, 840 (3d Cir. 1996). A claim is barred by the *Rooker-Feldman* doctrine under two circumstances: (1) "if the federal claim was actually litigated in state court prior to the filing of the

federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005)). "If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit." *FOCUS*, 75 F.3d at 840 (internal quotations omitted).

Plaintiff's requested relief would require this Court to determine that Judge Colon's May 6, 2021 Order was wrong or void; in fact, making such a determination is precisely what Plaintiff has asked this Court to do. (*See* Emergent Motion at 5.) Specifically, Plaintiff's third request asks the Court to order the return of the monies subject to Judge Colon's May 6, 2021 Order to the New York Trust Asset Unit. (*Id.*) Thus, the *Rooker-Feldman* doctrine applies in this instance and divests this Court of subject-matter jurisdiction to hear Plaintiff's Motion as to his third request or grant him the relief he requests.[2]

### B. Anti-Injunction Act

As to Plaintiff's remaining four requests, even if the Court were to construe Plaintiff's Motion to be a request for an injunction to stay the proceedings in the Richmond County Supreme Court, Plaintiff's requested relief is barred by 28 U.S.C. § 2283 (the "Anti-Injunction Act"). Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where

---

[2] Plaintiff also asserts that he is appealing Judge Colon's May 6, 2021 Order to the Appeals Court of the Richmond County Supreme Court and has other unidentified issues on appeal in New Jersey's and New York's State Courts. (Emergent Motion at 6.) The Court notes that these parallel state court proceedings may at some point implicate additional abstention considerations under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), but does reach them because it concludes that the relief Plaintiff seeks is prohibited on other grounds.

necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision is, on its face, "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) ("*Atlantic Coast*").

None of the exceptions to the Anti-Injunction Act apply in this case. First, Plaintiff does not identify an Act of Congress that expressly authorizes the type of injunction that Plaintiff seeks, nor does Plaintiff identify any other statutory basis for the relief he seeks.

Second, Plaintiff does not identify any issues related to this Court's jurisdiction. An injunction "in aid of [a court's] jurisdiction" is appropriate only when "some federal injunctive relief may be necessary to prevent a state from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast*, 398 U.S. at 294. Such injunctions typically apply in removed, *in rem*, or complex federal litigation that involves "a substantial class of persons from multiple states . . . or a consolidation of cases from multiple districts." *Schwartz v. Nugent*, Civ. No. 17-9133, 2018 WL 3069220, at *3 (D.N.J. June 21, 2018) (quoting *In re Diet Drugs*, 369 F.3d 293, 306 (3d. Cir. 2004)). Here, Plaintiff does not allege that preventing Judge Alberto Rivas and Louis Lepore, Esq. from communicating with each other, preventing Judge Alberto Rivas from issuing any orders pertaining to the subject monies, issuing any order to protect the subject monies, or enjoining the State Court from issuing an order releasing the money until Plaintiff's various appeals are decided would be necessary to prevent interference with this Court's jurisdiction.

Finally, Plaintiff does not suggest that the relief sought would protect or effectuate this Court's judgment. Injunctions to "protect or effectuate [a court's] judgment" are characterized as the "relitigation exception." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). "The

relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id*. This exception is inapplicable because Plaintiff does not identify an existing federal judgment with which the state court proceeding could conflict or interfere.

Insofar as none of the three exceptions to the Anti-Injunction Act apply in this case, the Act bars this Court from issuing the injunctive relief Plaintiff seeks. His disagreement with Judge Colon's May 6, 2021 Order does not provide a basis for this Court to enjoin a Superior Court proceeding.

II. **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's Emergent Motion (ECF No. 139) is denied. An appropriate Order will follow.

_____
**Zahid N. Quraishi**
**UNITED STATES DISTRICT JUDGE**