NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN F. MARCHISOTTO,

    Plaintiff,

v.

MUDDUSER MALIK, *et al.*,

    Defendants.

Civil Action No. 20-20426 (ZNQ) (RLS)

OPINION

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon several motions to dismiss[1] the Amended Complaint.[2] (ECF No. 145.) The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons discussed below, the Court will dismiss the Amended Complaint in its entirety without prejudice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

    On December 29, 2020, *pro se* Plaintiff John F. Marchisotto initiated this action alleging various constitutional violations related to the initiation, prosecution, and issuance of a search

---

[1] (*See* ECF Nos. 152, 165, 167, 176, 186, 188, 190, 191, 192, 194, 208, 210, 218, 223, 224, 242, 256, 265, 275.)

[2] Plaintiff once again filed a motion to disqualify opposing counsel. (ECF No. 236.) This time, he seeks to disqualify Deputy Attorney General Peter Sosinski, who represents several state officials in this matter. Plaintiff alleges there is a conflict of interest in Sosinski representing both Defendants Gurbir S. Grewal (the former Attorney General of the State of New Jersey) and Veronica Allende (the former Director of the Division of Criminal Justice). The party seeking "disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996) (quoting *Alexander v. Primerica Holdings. Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)). The Court finds that Plaintiff has failed to meet this heavy burden. There is no cognizable conflict of interest, and Plaintiff's motion is without merit.

1

warrant, a Temporary Extreme Risk Protective Order ("TERPO"), and a Final Extreme Risk Protective Order ("FERPO").  (*See* Compl., ECF No. 1.)  The state-court proceeding relevant in this case arose under New Jersey's red-flag law, the Extreme Risk Protective Order Act of 2018.  The Act authorizes certain persons, including law enforcement officers, to seek a search warrant and court order to temporarily remove lawfully owned firearms from a person who poses an immediate and present danger to others.  N.J.S.A. 2C:58-23, -26.

By way of background, this action stems from Plaintiff's dissatisfaction with an underlying state court probate action that has since developed into several federal lawsuits.  *See, e.g.*, *Marchisotto v. Daley,* Civ. No. 22-1276, 2022 WL 1602214 (D.N.J. May 20, 2022).  *See also In the Matter of the Irrevocable Trust of John L. Marchisotto*, Civ. No. A-3453-19, 2022 WL 1179970 (N.J. App. Div. Apr. 21, 2022).  Much like his other federal lawsuits, Plaintiff alleges that members of the New Jersey state judiciary, government officials, and certain individuals have all conspired against him.  *See Marchisotto v. Goodzeit*, Civ. No. 19-12540; *Marchisotto v. Rivas*, Civ. No. 19-21440; *Marchisotto v. Daley,* Civ. No. 22-1276.  Plaintiff initiates a new action in federal court whenever he disagrees with a state court order or decision.

The Amended Complaint lists virtually every individual and entity he has encountered during the pendency of the various state and federal court actions.  The Court has granted Plaintiff leave to file a single "comprehensive" amended complaint, and he filed instead a 133-page Amended Complaint with 343 pages of exhibits.  (ECF Nos. 131, 145, 146.)  He has named a total of 93 defendants in this action, some of whom are not even mentioned in the Amended Complaint.

From what the Court can gather, Plaintiff's main contention seems to be with the FERPO.  Plaintiff alleges that "[t]he state judiciary, law enforcement officers, state prosecutor, and other defendants engaged in criminal harassment [and] unlawful retaliation" by filing a fraudulent

2

"TERPO Petition . . . to interfere with[,] to disturb[,] and disrupt" his federal lawsuit against Judge Alberto Rivas and others in *Marchisotto v. Rivas*, Civ. No. 19-21440 (hereinafter, "the Federal Lawsuit"). (Am. Compl. ¶ 30.) Plaintiff further alleges that the FERPO issued by Judge Wendel E. Daniels was unconstitutional, and he urges the Court to "dismiss" the FERPO and to deem it "null" and "void." (*Id.* ¶¶ 57, 242, 249, 304, 314, 317, 318, 494.) The following summarizes the events leading up to the state court action that resulted in the confiscation of Plaintiff's firearms.

On December 17, 2019, Plaintiff initiated the Federal Lawsuit against Judge Rivas, Chief Justice Stuart Rabner, Louis Lepore, Esq., Debra Canova[3] and several other defendants alleging constitutional violations in connection with the state court probate matter. (*Id.* ¶ 190.) On December 27, 2019, Plaintiff attempted to *personally* serve the summons and complaint in the Federal Lawsuit to the Chief Justice Rabner and Judge Rivas. (*Id.* ¶¶ 193–94 (emphasis added).)

On January 3, 2020, members of the Jackson Township Police and Monmouth Medical Southern Campus Crisis Center arrived at Marchisotto's residence after Detective Paul Kelley of the Middlesex County Prosecutor's Office reported a threat involving Marchisotto. (*Id.* ¶¶ 48, 111.) Judge Rivas filed a Judiciary Incident Report memorializing an incident that occurred on January 2, 2020. (ECF No. 146 at 73.) In his report, Judge Rivas reported the following:

> Received correspondence from counsel that plaintiff, John Marchisotto[,] may be in possession of a firearm[.] This information was conveyed to him by his client who is Marchisotto's sister. Marchisotto is a vexatious litigant involved in a probate matter. He filed a federal lawsuit against the judge who previously handled this litigation. He also filed against me. He ha[s] been insistent to wanting to personally serve me which is unnecessary and which he no doubt is aware of based on his involvement in the litigation process. This insistence, which he took all the way up to the

---

[3] Attorney Lepore prepared the estate planning documents in connection with the estate of Marchisotto's father, including a will, an irrevocable trust instrument, and a durable power of attorney in favor of Debra Canova (Marchisotto's sister). *In the Matter of the Irrevocable Trust of John L. Marchisotto*, 2022 WL 1179970, at *1.

> [Administrative Office of the Courts], coupled with the fact he may have access to a firearm, gives me great pause and concern.

(*Id.*) Thereafter, the New Jersey State Police, through the Ocean County Prosecutor's Office, filed a TERPO Petition. (*Id.* at 101–02.) Detective Mudduser Malik of the New Jersey State Police attested to the facts in the Petition, which explained that Marchisotto posed an immediate and present danger to himself or others by owning possessing, purchasing, or receiving firearms and/or ammunition. (*Id.* at 102.) Detective Malik further explained that Marchisotto had received mental health treatment but had failed to disclose it in his New Jersey firearm permit application. (*Id.*) The petition also referenced the January 2, 2020 incident, stating the following:

> Marchisotto has filed lawsuits against judges in Somerset and Middlesex Counties as well as Chief Justice Rabner. Marchisotto has expressed to Chief Justice Rabner his desire to hand deliver him legal documents in person. Marchisotto has acted on this by personally arriving to the [Richard J. Hughes Justice] Complex in Trenton and Demanding to see the Chief Justice in person before being turned away by security personnel.

(*Id.* at 102.)

On February 5, 2020, Judge Guy P. Ryan of the Ocean County Superior Court signed a TERPO and search warrant to seize Marchisotto's firearms. (Am. Compl. ¶¶ 49–50.) The TERPO hearing transcript confirms that the proceeding occurred and the application was granted on February 5, 2020. (ECF No. 146 at 42, 122, 124.) Notwithstanding the transcript, Marchisotto claims that his due process rights were violated because Judge Ryan's electronic signature was "fraudulently backdated" to February 5, 2020 on June 29, 2020. (Am. Compl. ¶¶ 260, 271, 288.) He also claims that "[t]he state judiciary, law enforcement officers, [a] state prosecutor, and other defendants made false statements on the TERPO Petition that never took place." (*Id.* at ¶ 31.)

On February 7, 2020, law enforcement appeared at Marchisotto's residence in Jackson, New Jersey, to seize his firearms in accordance with the TERPO and search warrant. (*Id.* ¶ 51.)

4

Marchisotto posits that the TERPO Petition was filed in retaliation for him having filed the Federal Lawsuit.  (*Id.* ¶¶ 9, 30.)   He asserts that "[t]he prosecution, judges, and Ocean County administrative court staff[] tried covering up the illegal police home invasion, burglary, warrantless search, and raid of [his] home."  (*Id.* ¶ 58.)  He contends Judge Rivas used law enforcement "for his own personal use" to criminally harass and unlawfully retaliate against him "by calling in false threat reports to the Jackson Township Police[] and Monmouth Medical Southern Campus Crisis Center."  (*Id.* ¶ 112.)  Marchisotto also alleges that employees of the court conspired with the New Jersey State Police in preparing a false investigation report dated February 24, 2020.  (*Id.* ¶¶ 321–22.)

Following the temporary confiscation of his firearms, Marchisotto appeared for a FERPO hearing before Judge Daniels in Ocean County Superior Court on July 2, 2020.  (*Id.* ¶¶ 32, 64.) Marchisotto alleges that Judge Daniels "rigged [the] trial court proceedings" when he granted the FERPO application.  (*Id.* ¶ 32.)  Marchisotto argues that his constitutional rights were violated because the FERPO is "so legally wrong" and "Judge Daniels completely failed to decide [Marchisotto's] case on the merits, and by the law."  (See *Id.* ¶ 57; *see also Id.* ¶ 240 ("Judge Wendel E. Daniels['] final FERPO orders [] violated federal law, and [Marchisotto's] civil, and constitutional rights."); *Id.* ¶ 241 ("Judge Daniels['] final FERPO orders disregards legal standards of law"); *Id.* ¶ 242 ("Judge Daniels['] . . . orders are in total disregard to federal law."); *Id.* ¶ 309 ("Judge Daniels violated [Marchisotto's] Sixth, and Seventh Amendment Rights to the Constitution with a bias, rigged unfair trial without any due process, and failed to decide his case under the preponderance of evidence standard that was the evidentiary standard used in a burden of proof analysis for determining a TERPO / FERPO proceeding.").)

Aside from the allegations surrounding the issuance of the FERPO, Plaintiff regurgitates allegations against Lepore and Canova relating to the state court probate matter. (*Id.* ¶¶ 329–51.) He also brings a legal malpractice claim against Defendant Robert L. Tarver Jr., Esq, who represented Plaintiff in the FERPO proceeding in state court; however, Plaintiff fails to set forth the jurisdictional grounds for this claim. (*Id.* ¶¶ 448–53.) The Amended Complaint is otherwise replete with conclusory allegations and summaries of legal standards and case law. It contains no other cognizable claims.

Some Defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and others moved to dismiss it for lack of compliance with the pleading requirements of Federal Rule of Civil Procedure 8. As a threshold matter, the Court will first address Plaintiff's allegations and requested relief with respect to the FERPO. The Court will then consider whether the remainder of the Amended Complaint comports with the pleading requirements of Rule 8.

## II.   DISCUSSION

### A.   Rooker-Feldman Doctrine

The Court finds that the Amended Complaint is simply a skillful attempt to mask the true purpose of this action, which is to seek review and reversal of the FERPO. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The Court cannot adjudicate a dispute if it lacks subject-matter jurisdiction to hear the claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (noting federal courts

only have "the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto").  Under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction over actions in which the relief sought would effectively "reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).  *See also Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) ("To ensure that Congress's intent to prevent the lower federal courts from sitting in direct review of the decisions of a state tribunal is given effect, the *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling"); *Lane v. New Jersey*, 725 F. App'x 185, 188 (3d Cir. 2018) ("The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over lawsuits that essentially seek appellate review of state-court judgments.").

"*Rooker-Feldman* applies only when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the state judgment ineffectual." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) "A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court." *Id.* (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).  "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* (quoting *Charchenko*, 47 F.3d at 983). "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *Id.* (quoting *Charchenko*, 47 F.3d at 983).

7

The Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate the FERPO issued by Judge Daniels. However, that is precisely the relief Plaintiff seeks here. (Am. Compl. ¶¶ 57, 242, 249, 304, 314, 317, 318, 494.) The Court has previously cautioned Plaintiff that the Court has no authority to review state court decisions. *Daley*, 2022 WL 1602214, at *3. He cannot circumvent the appellate process in state court by filing a new action in federal court attacking the validity of the FERPO. *See also Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (*Rooker-Feldman* bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Nothing in the ERPO Act prevented Plaintiff from raising his constitutional challenges in state court. *Greco v. Bruck*, Civ. No. 21-1035, 2022 WL 1515375, at *3 (3d Cir. May 13, 2022) ("[T]he ERPO Act provides for a hearing before the issuance of a final order, [N.J.S.A. 2C:58-24(a)], a right to petition to terminate a final order at any time, [N.J.S.A. 2C:58-25], and a right to appeal a final order within 45 days, *see* N.J. Ct. R. 2:2-3(a)(1), 2:4-1(a)."). Accordingly, the Court is without jurisdiction to adjudicate Plaintiff's allegations stemming from the initiation, prosecution, and issuance of the search warrant, the TERPO, and the FERPO.

### B.     Federal Rule of Civil Procedure 8

The Court will now consider whether the remainder of the Amended Complaint comports with the pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together,

8

Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

The "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting *Salahuddin*, 861 F.2d at 42) (alteration in original). A complaint may permissibly be dismissed based on Rule 8 noncompliance. *Salahuddin*, 861 F.2d at 42. Whether the "short and plain statement" requirement is satisfied is a "context-dependent exercise." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). "Violations of the short and plain statement rule have included complaints that were too long, repetitious, or confused." *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *1 (E.D. Pa. Oct. 25, 2004).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Moreover, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. However, even a pro se pleading is required, to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The Court need not credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Dinnerstein v. State*, Civ. No. 19-4594, 2021 WL 1214657, at *2 (D.N.J. Mar. 31, 2021). *See also*

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Id.* (citation omitted).

When a complaint fails to comply the requirements under Rule 8, the court has the power to *sua sponte* dismiss the complaint. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

In this action, the Amended Complaint centers around a conspiracy theory that appears to be predicated on Plaintiff's dissatisfaction with the execution of the search warrant and issuance of the FERPO following his attempt to personally serve Chief Justice Rabner and Judge Rivas. Plaintiff claims that the basis for the FERPO is an ongoing conspiracy amongst members of the judiciary, government, and individual citizens to interfere with his Federal Lawsuit, which has since been dismissed and subsequently affirmed by the Third Circuit. *See Marchisotto v. Goodzeit*, Civ. No. 19-12540 (D.N.J. Order dated Apr. 22, 2020); *Marchisotto v. Goodzeit*, Civ. No. 20-1870, 2021 WL 3403672, at *1 (3d Cir. Aug. 4, 2021).[4] As noted, Plaintiff has named 93 defendants in this action and filed a 133-page Amended Complaint accompanied by 343 pages of exhibits.

Although Plaintiff's *pro se* status requires the Court "to construe the allegations in the complaint liberally, . . . [Plaintiff] is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). See *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245

---

[4] The Court consolidated *Marchisotto v. Rivas*, Civ. No. 19-21440, and *Marchisotto v. Goodzeit*, Civ. No. 19-12540.

(3d Cir. 2013) (holding that *pro se* litigants must "allege sufficient facts in their complaints to support a claim").

First, the allegations contained within the Amended Complaint are far from "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiff's unnecessary prolixity places an unjustified burden on the Court and Defendants such that both are forced to select the relevant material from a mass of verbiage. *See Kamdem-Ouaffo*, 810 F. App'x at 84. Although the length of the Amended Complaint does not justify dismissal under Rule 8(a), the Court is unable to identify Plaintiff's claims as to each defendant because the allegations are anything but "simple, concise, and direct.". *See Parker*, 2004 WL 2384993, at *2 ("While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable." (citing *In re Westinghouse Sec. Litig.*, 90 F.3d at 703)). The Amended Complaint is far from a model of clarity and in many ways confusing, if not incomprehensible.

Second, the Court finds that the Amended Complaint lacks "a short and plain statement" of the grounds for the Court's jurisdiction and the claims showing entitlement to relief. Fed. R. Civ. P. 8(a). Setting aside the allegations barred by the *Rooker-Feldman* doctrine, the Amended Complaint fails to provide Defendants with fair notice of what the claims are as to *each* defendant and on what factual grounds they rest. Since vague group pleadings undermine the notice requirement under Rule 8, the Amended Complaint must be dismissed because "it simply fails to place every named defendant on notice of the claims against each of them." *See, e.g.*, *Ingris v. Borough of Caldwell*, Civ. No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group

11

pleading."); *Japhet v. Francis E. Parker Mem'l Home, Inc.*, Civ. No. 14-01206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) ("Alleging that 'Defendants' undertook certain illegal acts—without more—injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom [and] when. Such speculation is anathema to contemporary pleading standards."); *Shaw v. Housing Auth. of Camden*, Civ. No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to allege which defendant was liable, noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.").

Moreover, the Amended Complaint is replete with conclusory allegations and summaries of legal standards and case law. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and Plaintiff's pleadings offer nothing more than just that, along with "labels and conclusions." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, Plaintiff's allegations—even when construed liberally—run afoul of Rule 8.

### III. CONCLUSION

For the reasons stated above, the Court will *sua sponte* dismiss the Amended Complaint without prejudice for failure to comply with requirements enumerated under Federal Rule of Civil Procedure 8. An appropriate Order will follow.

Date: **June 29, 2022**

          s/ Zahid N. Quraishi
          **ZAHID N. QURAISHI**
          **UNITED STATES DISTRICT JUDGE**