IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN F. MARCHISOTTO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 3:20-cv-20426 |
| | : | |
| MUDDUSER MALIK, et al. | : | |

<u>**MEMORANDUM**</u>

**Juan R. Sánchez, J.**                                                         **May 2, 2024**

      Pro se plaintiff John Marchisotto seeks to disqualify the New Jersey Attorney General, Deputy Attorney General (DAG) Natalie Dennis, and the entire Attorney General's Office from representing any of the state defendants in this action based on alleged conflicts of interest and other ethics violations by counsel. Because Marchisotto has not shown that either the Attorney General's Office or Dennis has an actual conflict of interest or that disqualification is otherwise warranted, his motions will be denied.

**BACKGROUND**

      Marchisotto filed a Fourth Amended Complaint in this civil rights action on November 7, 2023, which asserted claims for violations of his constitutional and other rights against more than 100 defendants. The defendants in the case include the State of New Jersey and numerous state entities and current and former state officials and employees. The State and approximately 35 other state defendants are currently represented by DAG Natalie Dennis.[1]

---

[1] The state defendants represented by DAG Dennis include various state entities as well as individuals such as the Governor of New Jersey, the former Attorney General, the former Director of the Division of Criminal Justice, and employees of the New Jersey State Police and various County Prosecutor's Offices. These defendants also include several Deputy Attorneys General who previously represented different groups of state defendants in this action but withdrew their appearances after they were named as defendants in later iterations of the complaint.
      Another group of approximately 29 defendants associated with the New Jersey Judiciary is separately represented by a different Deputy Attorney General in this action. The Attorney General's Office has divided the representation in this manner to "allow[] each of the groups to

A few weeks after filing his Fourth Amended Complaint, Marchisotto moved to disqualify the Attorney General and his entire office from representing any of the state defendants.[2] In that motion, filed on November 29, 2023, he argues disqualification is warranted because the Attorney General has a conflict of interest by virtue of his status as a defendant in a related case, *Marchisotto v. Daley et al.*, Civil No. 22-1276 (D.N.J. filed Mar. 9, 2022). He further argues, in reply to defendants' opposition to the motion, that conflicts of interest are inevitable, given the large number of defendants represented by the Attorney General's Office. And he maintains disqualification is also warranted because the Attorney General's Office's representation of state defendants alleged to have engaged in fraudulent and unethical conduct raises ethical concerns.

Marchisotto has since filed another motion to disqualify DAG Dennis and the entire New Jersey Attorney General's Office from representing any of the defendants in this action, again citing alleged conflicts of interest and ethical violations. In this more recent motion, filed on April 10, 2024, Marchisotto argues Dennis has a conflict of interest because of her previous employment with the Camden County Prosecutor's Office and the New Jersey Courts and because her representation of multiple state defendants "present[s] a scenario rife with potential conflicts."

---

pursue defenses or trial strategies independently from each other." State Judiciary Defs.' Opp'n Mot. Disqualification DAG Dennis 4, ECF No. 604. While it is not clear whether Marchisotto's disqualification motions are directed to the Attorney General's Office's representation of the state judiciary defendants or just to the other state defendants represented by Dennis, the Court's analysis applies equally to both groups of defendants.

[2] This was not Marchisotto's first disqualification motion in this case. Two years earlier, in November 2021, Marchisotto moved to disqualify one of the previous Deputy Attorneys General assigned to the case from representing both the former Attorney General and the former Director of the Division of Criminal Justice, arguing such concurrent representation "can result in conflict of interest when the considerations of one party is to the detriment of the other." Pl.'s Cross Mot. for Disqualification 1-2, ECF No. 236. The Honorable Zaid N. Quraishi denied the motion, finding Marchisotto had failed to meet his heavy burden to show disqualification was warranted and finding "no cognizable conflict of interest." Op. 1 n.2, June 29, 2022, ECF No. 290.

Pl.'s Mot. Disqualification DAG Dennis 6, 8, ECF No. 599. He also argues disqualification is warranted because Dennis allegedly committed an ethical violation by requesting an extension of time for three state defendants—Cheryl L. Hammel, Samuel Marzarella, and Rachel L. Tarver—to respond to the Fourth Amended Complaint before entering her appearance on behalf of these defendants. In addition to seeking Dennis's disqualification, Marchisotto requests a "comprehensive judicial review of all actions and decisions" she has made in this case.[3] *Id.* at 2.

Defendants oppose both motions.

**DISCUSSION**

A "district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). By local rule, the conduct of attorneys practicing in this district is governed by the "Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court . . . , subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law." Local Civil Rule 103.1(a); *see also In re Boy Scouts of Am.*, 35 F.4th 149, 159 (3d Cir. 2022) ("The conduct of attorneys practicing in federal court is governed by the local rules of the court."). Thus, in evaluating Marchisotto's motion to disqualify, the starting point is the New Jersey Rules of Professional Conduct.

---

[3] Marchisotto also requests a criminal investigation into his allegations that the undersigned district judge has engaged in "obstruction of justice and the shielding of state and federal defendants" in the handling of this case. Pl.'s Mot. Disqualification DAG Dennis 2-3, ECF No. 599. The Court declines to address this request, which is directed to the "Special Judge" he has requested be assigned to this case and which the federal district courts lack authority to grant in any event. *See Murse v. Murse*, Civ. No. 23-3829, 2024 WL 69342, at *4 (E.D. Pa. Jan. 5, 2024) ("[T]he United States District Courts have no authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions."), *aff'd*, 2024 WL 1739295 (3d Cir. Apr. 23, 2024).

As the moving party, Marchisotto bears the burden to show "disqualification is warranted, 'either because a [Rule of Professional Conduct] was violated or because sufficient doubt exists as to the propriety of further representation.'" *Shaikh v. Germadnig*, Civ. No. 22-2053, 2022 WL 16716116, at *2 (D.N.J. Nov. 4, 2022) (quoting *Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo*, 144 F.R.D. 235, 238 (D.N.J. 1992)), *aff'd*, 2023 WL 4534127 (D.N.J. July 13, 2023). Even where a violation is shown, however, disqualification is not automatic, for "[e]ven when an ethical conflict exists (or is assumed to exist), a court may conclude based on the facts before it that disqualification is not an appropriate remedy." *In re Boy Scouts*, 35 F.4th at 160. Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Shaikh*, 2022 WL 16716116, at *3 (quoting *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996)).

Courts are especially reluctant to impose this drastic remedy where, as here, a party seeks to disqualify the Attorney General's Office from representing the state defendants pursuant to its statutory obligation under the New Jersey Tort Claims Act to "provide for the defense" of actions brought against current or former state employees "on account of . . . act[s] or omission[s] in the scope of [their] employment." N.J. Stat. Ann. § 59:10A-1. State employees have a right to counsel under the statute, triggered by the employee's request for representation. *Prado v. State*, 895 A.2d 1154, 1161 (N.J. 2006). The Attorney General may refuse to defend a state employee if (1) "the act or omission was not within the scope of employment"; (2) "the act or the failure to act was because of actual fraud, willful misconduct or actual malice"; or (3) "the defense of the action or proceeding by the Attorney General would create a conflict of interest between the State and the employee or former employee." N.J. Stat. Ann. § 59:10A-2. But the Attorney General "must provide a defense to a state employee who requests representation pursuant to . . . [§] 59:10A-1

4

unless the *Attorney General* determines that it is more probable than not that one of the three exceptions set forth in . . . [§] 59:10A-2 applies." *Prado*, 895 A.2d at 1162 (emphasis added); *see also In re Camden Police Cases*, Civ. No. 11-1315, 2011 WL 3651318, at *5 (D.N.J. Aug. 18, 2011) (noting § 59:10A-2 "expressly authorizes the *Attorney General* to determine whether [one of the statutory] exception[s] applies" (emphasis added)).

With respect to Marchisotto's arguments that disqualification is warranted based on alleged conflicts of interest, the general rule regarding conflicts is set forth in New Jersey Rule of Professional Conduct 1.7(a), which provides "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." For purposes of the Rule,

> [a] concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

N.J. R. Prof'l Conduct 1.7(a).

While the Rule prohibits representation of opposing parties in the same litigation, representation of parties "on the same side in the same civil litigation . . . does not always present a potential for a conflict of interest, and is not automatically barred." *N.J. Div. of Child Protection & Permanency v. G.S.*, 149 A.3d 816, 835 (N.J. Super. Ct. App. Div. 2016). Indeed, the New Jersey Supreme Court has recognized that even when defendants in a § 1983 action have "potentially differing interests," joint representation "is permissible provided there is a substantial identity of interests between them in terms of defending the claims that have been brought against all defendants." *In re Pet. for Review of Op. 552 of the Advisory Comm. on Prof'l Ethics*, 507 A.2d 233, 238 (N.J. 1986). Joint representation is permissible "if it does not appear clearly from

the pleadings or from early discovery that the claims . . . will result in different and inconsistent defenses, or will, if successful, probably lead to independent or several, rather than overlapping or joint, compensatory relief against each class of defendants." *Id.* at 239; *see also G.S.*, 149 A.3d at 835 (noting "[a] disqualifying conflict may arise in representing co-defendants 'by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question'" (citation omitted)).

Although Marchisotto asserts representation of the state defendants by the Attorney General's Office while the Attorney General himself is a defendant in the related *Daley* case "presents a stark conflict of interest," Pl.'s Mot. Disqualify N.J. State Att'y Gen. 5, ECF No. 482, he provides no factual basis on which to conclude a significant risk exists that the Attorney General's status as a defendant in *Daley* will materially limit his office's representation of the state defendants in this case. As an initial matter, the Court notes there are no claims currently pending against the Attorney General in the *Daley* case, as the claims against him were dismissed without prejudice in May 2022. *See* Order 2, May 20, 2022, ECF No. 45 in Civil No. 22-1276 (D.N.J.). While Marchisotto likens the representation in this case to a judge presiding over a case in which he or she has a personal stake, the Attorney General is not a party to this case. And in any event, the fact that a defendant has an interest in obtaining dismissal of the claims against him does not preclude joint representation with other defendants whose positions in the litigation are not incompatible. *See In re Pet. for Review of Op. 552*, 507 A.2d at 239. Marchisotto has made no showing of incompatibility here.[4]

---

[4] Marchisotto also maintains the Attorney General's Office's conflict is compounded by the fact that DAGs Christine Barris and Rachel Kristol continued to represent state defendants in this case and/or the *Daley* case even after they were added as defendants in this lawsuit. This argument is

6

Marchisotto also has not shown a conflict exists based on DAG Dennis's prior employment with the Camden County Prosecutor's Office or the New Jersey Courts. Under New Jersey Rule of Professional Conduct 1.12, Dennis's service as a judicial law clerk would disqualify her from "represent[ing] anyone in connection with a matter in which [she] participated personally and substantially as a . . . law clerk," absent the consent of all parties to the proceeding. N.J. R. Prof'l Conduct 1.12(a). But there is no basis to conclude the Rule is applicable here. According to the LinkedIn profile for Dennis submitted by Marchisotto, Dennis served as a judicial law clerk with the New Jersey Courts in Camden, New Jersey from August 2017 to August 2018. Pl.'s Mot. Disqualification DAG Dennis 32, ECF No. 599 (ECF pagination). While Marchisotto vaguely asserts Dennis has "prior associations within the state's judiciary system, directly related to the current case," *id.* at 6, the judicial defendants in this case do not include any judges located in Camden. Moreover, Dennis's service as a law clerk predates the events giving rise to the claims in this case. There is likewise no basis to conclude Dennis's work in the Camden County Prosecutor's Office poses any conflict. Neither that office nor any of its employees are defendants in this case. And Dennis has represented that she "has not been involved in any part of the criminal investigation or prosecution [from] which Plaintiff's Fourth Amended Complaint stems." State Defs.' Opp'n Mot. Disqualification DAG Dennis 6, ECF No. 603.

Marchisotto's argument that conflicts of interest are "inevitable" in this case, given the "large and diverse group of defendants" being represented by the Attorney General's Office, is

---

meritless, as both attorneys have since withdrawn their appearances in both actions and been replaced by other counsel. Indeed, even before Marchisotto filed his November 29, 2023 disqualification motion, Barris and Kristol had each notified the Court and Marchisotto that this case and the *Daley* case would be reassigned within the Attorney General's Office, and DAG Dennis had already been substituted for Barris in this action.

similarly unavailing.  Pl.'s Reply Supp. Mot. Disqualify N.J. State Att'y Gen. 7, ECF No. 540.  "To satisfy [Rule of Professional Conduct] 1.7, an actual conflict must exist; speculation about what may exist in the future is insufficient."  *Robinson v. Paulhus*, Civ. No. 19-12572, 2021 U.S. Dist. LEXIS 153006, at *6 (D.N.J. Aug. 12, 2021); *see also Johnson v. Gloucester Cnty. Improvement Auth.*, Civ. No. 16-8422, 2019 WL 13277445, at *6 (D.N.J. Mar. 26, 2019) ("While the doctrine of appearance of impropriety once served as a basis for disqualification under RPC 1.7, the appearance of impropriety was removed from the New Jersey Rules of Professional Conduct in 2004." (internal citation omitted)).  Yet, by Marchisotto's own account, the multiple representation in this case raises only the "potential for conflicting interests."  Pl.'s Reply Supp. Mot. Disqualify N.J. State Att'y Gen. 7 (noting defendant Malik will require "a defense strategy that is potentially in conflict with the strategies appropriate for other defendants"); *id.* at 8 (suggesting "defending a former Attorney General alongside lower-ranking officials who might have acted under their direction presents a clear potential for conflicts of interests"); Pl.'s Mot. Disqualification DAG Dennis 8-9, ECF No. 599 (noting "DAG Dennis's dual representation of the Defendants, alongside her extensive involvement with other state defendants, . . . present[s] a scenario rife with potential conflicts that compromise her ability to represent each party adequately and impartially").  Notably, this case is currently at the pleading stage, and the Attorney General's Office is defending the case by challenging the legal sufficiency of the Fourth Amended Complaint as to all the state defendants.  While Marchisotto alludes to the possibility that certain defendants represented by the Attorney General's Office may require conflicting defense strategies, he has not shown there is an actual conflict of interest at this stage.

      Marchisotto's arguments that other ethical issues require disqualification are also meritless.  Marchisotto argues the Attorney General's Office's representation of "state defendants accused of

official misconduct, criminal fraud, and abuse of authority raises serious ethical concerns." Pl.'s Mot. Disqualify N.J. State Att'y Gen. 6, ECF No. 482. But it is not an ethics violation to represent a client accused of even serious misconduct. As for Marchisotto's claim that Dennis acted unethically by requesting an extension of time for three newly served defendants to respond to the Fourth Amended Complaint before entering her appearance for these defendants, the claim is unfounded. In her extension request, Dennis explained that the Attorney General's Office had recently received representation requests from the newly served defendants and was in the process of conducting necessary conflicts checks. ECF No. 593. Given the "general rule of representation" under the Tort Claims Act, *Prado*, 895 A.2d at 1162, it was appropriate for Dennis to request an extension on behalf of defendants whom she knew she would likely be representing, pending the outcome of conflicts checks, and it was also appropriate for her to wait until after the conflicts checks had been completed to enter her appearance for those defendants.

Finally, Marchisotto suggests disqualification is warranted because the allegations against the state defendants "may fall under" exceptions to the Attorney General's duty to defend for acts or omissions outside the scope of employment or involving fraud or misconduct, such that, "if proven, [they] would justify disqualification." Pl's Reply Supp. Mot. Disqualify N.J. State Att'y Gen. 6-7, ECF No. 540. This argument also fails. As an initial matter, it is not clear this Court has authority to review the Attorney General's determination as to whether an exception to the statutory duty to defend applies. In *Prado v. State*, the New Jersey Supreme Court held the Attorney General's decision whether to provide a defense to a state employee under the Tort Claims Act is a final agency determination subject to review in the Appellate Division of the New Jersey Superior Court under New Jersey Court Rule 2:2-3(a)(2). 895 A.2d at 1159. The Rule "vests the Appellate Division with exclusive jurisdiction over all such decisions or actions." *Id*.

9

Thus, finding no "compelling policy reason to depart from" the Rule's dictates, the court went on to hold a state trial court lacked jurisdiction to review the Attorney General's refusal to provide a defense to a state employee. *Id.* at 1159-60. Based on *Prado*, this Court is not persuaded it has jurisdiction to review the Attorney General's determination whether an exception to the duty to defend applies.

Even if the Court has jurisdiction, it is not clear that Marchisotto has standing to seek review of the Attorney General's decision to defend opposing parties in this action. *See In re Camden Police Cases*, 2011 WL 3651318, at *5-6 (holding a plaintiff lacked standing to challenge the Attorney General's decision to indemnify a county prosecutor's office under the Tort Claims Act, as the Act's indemnification provisions were "intended to protect public officials . . . sued for actions taken in the scope of their employment," not plaintiffs suing those officials). Finally, while the Act *permits* the Attorney General to refuse to provide a defense if one of the statutory exceptions applies, it does not *require* him to do so. *See* N.J. Stat. Ann. § 59:10A-2 (providing the Attorney General "*may* refuse to provide for the defense of an action referred to in section 1 if he determines" one of the statutory exceptions applies (emphasis added)); *id.* § 59:10A-3 (permitting the Attorney General to "provide for the defense" of a current or former state employee "[i]n any other action of proceeding, including criminal proceedings, . . . if he concludes that such representation is in the best interest of the State"). Thus, even if Marchisotto were correct that the allegations against the state defendants may fall within an exception, this would not be a basis for disqualification.

Because Marchisotto has not satisfied his heavy burden to show that either the Attorney's General's Office or DAG Dennis has an actual conflict of interest in representing the state defendants in this action, or that disqualification is otherwise warranted, his disqualification

motions will be denied. His request for a comprehensive judicial review of Dennis's actions in this matter will also be denied, as he has not shown Dennis has acted unethically.

    An appropriate Order follows.

BY THE COURT:

  /s/ Juan R. Sánchez  
Juan R. Sánchez, J.
